NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ABRAHAM MARMOL BERNABE, | No. 16-74021 |
| Petitioner, | Agency No. A029-217-336 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Jose Abraham Marmol Bernabe, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

Marmol Bernabe's motion for reconsideration and motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reconsider or reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

The BIA did not abuse its discretion in denying Marmol Bernabe's motion to reconsider where Marmol Bernabe failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must specify errors of fact or law in a prior decision); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) (discussing standard for a motion to reconsider).

The BIA did not abuse its discretion in denying Marmol Bernabe's untimely motion to reopen where he failed to demonstrate prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016*)* ("A motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought.").

We reject as without merit Marmol Bernabe's contention that his case should be remanded due to the fact the government did not file an opposition to his motion to reopen.

**PETITION FOR REVIEW DENIED.**